Cox v New York State Thruway Auth. (2020 NY Slip Op 04455)





Cox v New York State Thruway Auth.


2020 NY Slip Op 04455


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-13334

[*1]Brianna Cox, et al., appellants, 
v
New York State Thruway Authority, et al., respondents. Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellants.


Letitia James, Attorney General, New York, NY (Steven C. Wu and Eric R. Haren of counsel), for respondents.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimants appeal from an order of the Court of Claims (Thomas H. Scuccimarra, J.), dated June 6, 2018. The order denied the claimants' motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed, with costs.
The claimants were involved in an automobile accident with a snowplow operated by an employee of the New York State Thruway Authority (hereinafter NYSTA) on January 18, 2015. By notice of motion dated January 12, 2018, the claimants moved for leave to file a late claim against the NYSTA and the State of New York. The Court of Claims denied the motion. The claimants appeal.
Pursuant to Court of Claims Act § 10(6), in determining whether to exercise discretion to allow the filing of a late claim, "the court shall consider, among other factors, whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file or serve upon the attorney general a timely claim or to serve upon the attorney general a notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy." No one factor is controlling, nor is the presence or absence of any factor determinative (see Tucker v New York State Thruway Auth., 175 AD3d 632, 633; Decker v State of New York, 164 AD3d 650, 652).
Here, the Court of Claims providently exercised its discretion in denying the motion for leave to file a late claim, as the claimants failed to establish that they had a reasonable excuse for the delay of almost three years in seeking leave to file a late claim (see Decker v State of New York, 164 AD3d at 652). We also agree with the court's determination that the claimants failed to demonstrate that their claim appears to be meritorious as the evidence submitted by the claimants did not demonstrate that they sustained a serious injury under the Insurance Law (see Toure v Avis Rent a Car Sys., 98 NY2d 345, 353; Insurance Law §§ 5102[d], 5104[a]), and was insufficient to show that the snowplow driver may have operated the snowplow with reckless disregard for the safety of others (see Riley v County of Broome, 95 NY2d 455, 466; Jackson v State of New York, 60 AD3d 634, 634-635; Vehicle and Traffic Law § 1103[b]).
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court