Criscuola v State of New York (2020 NY Slip Op 06241)





Criscuola v State of New York


2020 NY Slip Op 06241


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-01828

[*1]Diane Criscuola, appellant,
v
State of New York, respondent. (Claim No. 128120)


Schoeps & Specht, New City, NY (Michael B. Specht of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Amit R. Vora of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Stephen J. Mignano, J.), dated November 19, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 30, 2015, the claimant allegedly was injured when she tripped and fell on a depression in the asphalt of a running/bike path while jogging at Rockland Lake State Park in Rockland County. On September 28, 2015, the claimant served the New York State Attorney General with a notice of intention to file a claim against the State alleging that while she was "jogging on the running path at Rockland Lake State Park," she "tripped and fell on cracked, broken, uneven and defective asphalt paving." In June 2016, the claimant filed and served a claim against the State alleging that she fell "at the running/bike path located between Areas 1 and 2, at Rockland Lake State Park." By notice of motion dated July 5, 2018, the State moved, inter alia, pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction. The Court of Claims, among other things, granted that branch of the State's motion. The claimant appeals.
A claim to recover damages for personal injuries shall be filed and served upon the Attorney General within 90 days after the claim accrued, unless within 90 days, the claimant serves upon the Attorney General a written notice of intention to file a claim, in which event the claim shall be filed and served upon the Attorney General within two years after the accrual of such claim (see Court of Claims Act § 10[3]; Kiesow v State of New York, 161 AD3d 1060, 1061). The Court of Claims Act requires a claim to specify, among other things, "the time when and place where" the claim arose (Court of Claims Act § 11[b]; see Lepkowski v State of New York, 1 NY3d 201, 207; Hargrove v State of New York, 138 AD3d 777, 777). A notice of intention to file a claim must also include a statement as to when and where the claim arose (see Court of Claims Act § 11[b]; Hargrove v State of New York, 138 AD3d at 777; Cobin v State of New York, 234 AD2d 498, 499). "The purpose of the section 11(b) pleading requirements is to provide a sufficiently detailed [*2]description of the particulars of the claim to enable the State to investigate and promptly ascertain the existence and extent of its liability" (Sinski v State of New York, 265 AD2d 319, 319; see Sharief v State of New York, 164 AD3d 851, 852). "[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Lichtenstein v State of New York, 93 NY2d 911, 913 [internal quotation marks omitted]; see Dreger v New York State Thruway Auth., 81 NY2d 721, 724). A failure to comply with the requirements set forth in sections 10(3) and 11(b) of the Court of Claims Act is a jurisdictional defect compelling the dismissal of the claim (see Hargrove v State of New York, 138 AD3d at 777—778; Welch v State of New York, 286 AD2d 496, 497-498).
Contrary to the claimant's contention, the notice of intention to file a claim failed to describe the location of the alleged accident with sufficient specificity to satisfy the requirements of Court of Claims Act § 11(b) as the generalized description did not give notice as to where on the path the accident occurred (see Sharief v State of New York, 164 AD3d at 852; Cobin v State of New York, 234 AD2d at 499; Schneider v State of New York, 234 AD2d 357). Moreover, "'[t]he State is not required to go beyond a claim or notice of intention in order to investigate an occurrence or ascertain information which should be provided pursuant to Court of Claims Act § 11'" (Matter of DeMairo v State of New York, 172 AD3d 856, 857, quoting Hargrove v State of New York, 138 AD3d at 778). Further, lack of prejudice to the State is immaterial (see Matter of DeMairo v State of New York, 172 AD3d at 857; Byrne v State of New York, 104 AD2d 782, 784).
As the notice of intention was deficient, it did not serve to extend the claimant's time to file and serve a claim beyond the 90-day statutory period (see Court of Clams Act § 10[3]; Sommer v State of New York, 131 AD3d 757, 758; Cendales v State of New York, 2 AD3d 1165, 1167). Therefore, the claimant's claim, which was filed approximately one year after accrual of the claim, was untimely (see Langner v State of New York, 65 AD3d 780, 782). "The claimant's failure to comply with the filing requirements of the Court of Claims Act deprived the Court of Claims of subject matter jurisdiction" (Hargrove v State of New York, 138 AD3d at 778).
The claimant's remaining contention is without merit.
Accordingly, the Court of Claims properly granted that branch of the State's motion which was pursuant to CPLR 3211(a) (2) to dismiss the claim for lack of subject matter jurisdiction.
CHAMBERS, J.P., ROMAN, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court