Laignelet v State of New York (2022 NY Slip Op 03108)





Laignelet v State of New York


2022 NY Slip Op 03108


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2021-00506

[*1]Jarnells E. Laignelet, appellant, 
v
State of New York, respondent.


Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick and Matthew S. Libroia of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (David A. Weinstein, J.), dated November 20, 2020. The order denied the claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed, with costs.
The Court of Claims Act requires a claim to specify, among other things, "the time when and place where" the claim arose (Court of Claims Act § 11[b]; see Lepkowski v State of New York, 1 NY3d 201, 207; Criscuola v State of New York, 188 AD3d 645, 645). "'The purpose of the section 11(b) pleading requirements is to provide a sufficiently detailed description of the particulars of the claim to enable [a defendant] to investigate and promptly ascertain the existence and extent of its liability'" (Criscuola v State of New York, 188 AD3d at 646, quoting Sinski v State of New York, 265 AD2d 319, 319). A failure to comply with the requirements set forth in section 11(b) of the Court of Claims Act is a jurisdictional defect compelling the dismissal of the claim (see Criscuola v State of New York, 188 AD3d at 646; Hargrove v State of New York, 138 AD3d 777, 777-778).
Here, the claimant's "second proposed claim" alleged, inter alia, that he fell from a ladder in April 2019 when he was working in a building on property owned by the State of New York (hereinafter the property). In June 2020, more than a year after the alleged accident, the claimant, in this second proposed claim, narrowed the location of the accident down to 2 possible buildings on the property, upon which there are more than 50 buildings. Since the second proposed claim failed to provide a sufficient description of the place of the accident, it was not detailed enough to satisfy the pleading requirements of Court of Claims Act § 11(b) (see Constable v State of New York, 172 AD3d 681, 682; see e.g. Sharief v State of New York, 164 AD3d 851, 852).
Moreover, although Court of Claims Act § 10(6) "'permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim'" (Sharief v State of New York, 164 AD3d at 852, quoting Tucholski v State of New York, 122 AD3d 612, 612), here, the claimant failed to establish a reasonable excuse for his delay in filing the claim and that the [*2]proposed claim was potentially meritorious (see Sharief v State of New York, 164 AD3d at 852; see e.g. Ortiz v State of New York , 78 AD3d 1314, 1315, affd 17 NY3d 389).
Accordingly, the Court of Claims properly denied the claimant's motion for leave to file a late claim.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court