Vallarta v State of New York (2022 NY Slip Op 07089)

Vallarta v State of New York

2022 NY Slip Op 07089

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-00215

[*1]Ruth Vallarta, etc., appellant,
v
State of New York, respondent. (Claim No. 131904)

Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren Bryant], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for personal injuries, etc., the claimant appeals from an order of the Court of Claims (Stephen J. Mignano, J.), dated September 4, 2019. The order granted the defendant's motion pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction.
ORDERED that the order is affirmed, with costs.
On September 6, 2015, the claimant's decedent (hereinafter the decedent) allegedly sustained fatal injuries when the bicycle he was riding came into contact with loose gravel and debris located along a roadway in Palisades, Rockland County. Subsequently, the claimant moved pursuant to Court of Claims Act § 10(6) for leave to file a late claim, inter alia, to recover damages for personal injuries, alleging that the accident occurred "on Route 9W and Rockland Road." In an order dated July 20, 2018, the Court of Claims granted the claimant's motion and directed the claimant to file a claim clarifying whether the accident occurred on Route 9W or Rockland Road to comply with Court of Claims Act § 11(b). In September 2018, the claimant filed a claim alleging that the decedent was riding his bicycle "on Route 9W and Rockland Road . . . more specifically along the entrance roadway of Tallman Mountain State Park" when the accident occurred. In April 2019, the State of New York moved pursuant to CPLR 3211(a)(2) to dismiss the claim for lack of subject matter jurisdiction. In an order dated September 4, 2019, the court granted the State's motion and directed dismissal of the claim. The claimant appeals.
"The Court of Claims Act requires a claim to specify, among other things, 'the time when and place where' the claim arose" (Laignelet v State of New York, 205 AD3d 795, 795, quoting Court of Claims Act § 11[b]). "'The purpose of the section 11(b) pleading requirements is to provide a sufficiently detailed description of the particulars of the claim to enable [a defendant] to investigate and promptly ascertain the existence and extent of its liability'" (Laignelet v State of New York, 205 AD3d at 795, quoting Criscuola v State of New York, 188 AD3d 645, 646). "The State 'is not required to ferret out or assemble information that section 11(b) obligates the claimant to allege'" (Kimball Brooklands Corp. v State, 180 AD3d 1031, 1032, quoting Davila v State of New York, 140 AD3d 1415, 1416 [internal quotation marks omitted]). "A failure to comply with the [*2]requirements set forth in section 11(b) of the Court of Claims Act is a jurisdictional defect compelling the dismissal of the claim" (Laignelet v State, 205 AD3d at 795-796). "'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Criscuola v State of New York, 188 AD3d at 646, quoting Lichtenstein v State of New York, 93 NY2d 911, 913).
Here, the claim failed to comply with the pleading requirements of Court of Claims Act § 11(b) because it failed to provide a sufficient description of the place of the accident (see Laignelet v State of New York, 205 AD3d at 796; Criscuola v State of New York, 188 AD3d at 646; Kimball Brooklands Corp. v State, 180 AD3d at 1033). The claim failed to specify on which roadway the accident occurred, where on "the entrance roadway to Tallman Mountain State Park" the accident occurred, and the name of the specific road described as the "entrance roadway." The State is not required to go beyond the claim to investigate the accident and ascertain exactly where it occurred, as this information should have been provided pursuant to Court of Claims Act § 11(b) (see Criscuola v State of New York, 188 AD3d at 646; Kimball Brooklands Corp. v State, 180 AD3d at 1033). Moreover, contrary to the claimant's contention, any lack of prejudice to the State is immaterial (see Criscuola v State of New York, 188 AD3d at 646; Matter of DeMairo v State of New York, 172 AD3d 856, 857).
The claimant's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court