Alam v State of New York (2023 NY Slip Op 00198)

Alam v State of New York

2023 NY Slip Op 00198

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-07243

[*1]Mansoor Alam, appellant,
v
State of New York, respondent. (Claim No. 134211)

Mansoor Alam, Jamaica, NY, appellant pro se.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated May 12, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a) and Court of Claims Act §§ 10 and 11 to dismiss the claim.
ORDERED that the order is affirmed, with costs.
In 2012, the claimant's then wife commenced an action for a divorce and ancillary relief against him in the Supreme Court, Suffolk County. In May 2017, after conducting a nonjury trial, the court issued an amended judgment of divorce. The claimant appealed to this Court from certain portions of the amended judgment of divorce, and this Court affirmed (see Alam v Alam, 168 AD3d 896). The claimant sought leave to appeal to the Court of Appeals, and his motion was denied on May 9, 2019 (see Alam v Alam, 33 NY3d 904).
On October 15, 2019, the claimant filed a notice of intention to file a claim against the defendant, State of New York, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983 based on allegations of judicial misconduct in the divorce action. On that same date, the State rejected the notice on the ground that it was unverified.
Nonetheless, on or about December 17, 2019, the claimant filed and served the instant claim alleging, inter alia, that various State court justices and judges had made errors, engaged in judicial misconduct, discriminated against him based on his sex and age in violation of his civil rights, unjustly enriched his former wife at his expense and/or intentionally subjected him to emotional distress in resolving the equitable distribution and maintenance aspects of the divorce action. The State moved pursuant to CPLR 3211(a) and Court of Claims Act §§ 10 and 11 to dismiss the claim.
In an order dated May 12, 2020, the Court of Claims granted the State's motion to dismiss the claim. The claimant appeals.
"[A] state is not a 'person' acting under color of law, as defined in 42 USC [§ ] 1983" [*2](Welch v State of New York, 286 AD2d 496, 498; see Will v Michigan Dept. of State Police, 491 US 58, 71). Rather, "[t]he proper subject of an action pursuant to 42 USC § 1983 is a State official acting in excess of his or her authority and is cognizable in the Supreme Court and not in the Court of Claims" (Welch v State of New York, 286 AD2d at 498 [internal quotation marks omitted]). Thus, to the extent the claimant sought to recover damages for civil rights violations pursuant to 42 USC § 1983, such a claim was not cognizable herein (see Welch v State of New York, 286 AD2d at 498).
With regard to the remainder of the claim, a claim to recover damages for injuries caused by the tortious conduct of a State officer or employee while acting as such officer or employee must be filed and served upon the attorney general within 90 days after the claim accrued (see Court of Claims Act § 10[3], [3-b]). Alternatively, if the claimant serves upon the attorney general a written notice of intention to file a claim within 90 days after the claim accrued, then the claim shall be filed and served upon the attorney general within one year after the accrual of an intentional tort claim or two years after the accrual of a negligence/unintentional tort claim (see id. § 10[3], [3-b]). Both the claim and notice of intention to file a claim must be verified in the same manner as a complaint in a Supreme Court action (see id. § 11[b]). Insofar as suits against the State are permitted only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed (see Long v State of New York, 7 NY3d 269, 276; Kiewsow v State of New York, 161 AD3d 1060, 1061). Failure to comply with the relevant requirements set forth in Court of Claims Act §§ 10(3), (3-b), and 11(b) is a jurisdictional defect requiring the dismissal of the claim (see Criscuola v State of New York, 188 AD3d 645, 646; Hargrove v State of New York, 138 AD3d 777, 777-778).
Here, the claim accrued, at the latest, on May 9, 2019, when the Court of Appeals denied the claimant's motion for leave to appeal. However, the claimant did not file his notice of intention to file a claim until more than five months later, on October 15, 2019. Moreover, the notice of intention to file a claim was not properly verified, and the State properly rejected it as a nullity (see Court of Claims Act § 11[b]; CPLR 3021, 3022). Under such circumstances, the notice of intention to file a claim did not serve to extend the claimant's time to file and serve a claim beyond the 90-day statutory period (see Court of Claims Act § 10[3], [3-b]; Criscuola v State of New York, 188 AD3d at 646). Therefore, the claim, filed approximately seven months after accrual of the claim, was untimely with regard to the remainder of the claims, and the Court of Claims properly directed their dismissal (see Criscuola v State of New York, 188 AD3d at 646; Kiesow v State of New York, 161 AD3d at 1061-1062; Hargrove v State of New York, 138 AD3d at 778).
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court