Smith v State of New York (2023 NY Slip Op 00685)

Smith v State of New York

2023 NY Slip Op 00685

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-02039

[*1]Samantha Smith, etc., appellant,
v
State of New York, et al., respondents. (Claim No. 134320)

Dreyer Law Offices, PLLC (Steven A. Kimmel, Washingtonville, NY, of counsel),
for appellant.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and David Lawrence III of counsel), for respondents.

DECISION & ORDER
In a claim to recover damages for personal injuries, etc., the claimant appeals from an order of the Court of Claims (Richard E. Sise, J.), dated October 20, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the claim, and denied the claimant's cross-motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed, with costs.
The claimant's infant daughter allegedly was injured on a sharp edge of a ladder in the deep end of the outdoor pool at Bear Mountain State Park. Her claim was not timely filed as required by Court of Claims Act § 10(3). The claimant offered no reasonable excuse for her failure to timely file the claim (see Casey v State of New York, 161 AD3d 720). The defendants moved pursuant to CPLR 3211(a)(2) and (7) to dismiss the claim. The claimant cross-moved for leave to file a late claim pursuant to Court of Claims Act § 10(6). The Court of Claims granted the motion on the ground that the court lacked subject matter jurisdiction and denied the cross-motion. The claimant appeals.
The Court of Claims properly denied the claimant's cross-motion for leave to file a late claim. Court of Claims Act § 10(6) provides that an application for leave to file a late claim shall be accompanied by the "claim proposed to be filed containing all of the information set forth in section eleven of this act." Court of Claims Act § 11(b) requires, in particular, that "[t]he claim shall state the time when and place where such claim arose [and] the nature of same." Absolute exactness is not required when describing the location where the claim arose, but the claim must contain sufficient definiteness to enable the State to investigate the claim promptly and ascertain its liability under the circumstances (see Mosley v State of New York, 117 AD3d 1417; Triani v State of New York, 44 AD3d 1032). "The statement must be specific enough so as not to mislead, deceive or prejudice the rights of the State" (Rodriguez v State of New York, 8 AD3d 647, 647 [internal quotation marks omitted]).
Here, the proposed claim did not adequately describe the place where the claim arose, as it did not allege which of the three ladders in the deep end of the pool contained an alleged sharp [*2]edge (see Katan v State of New York, 174 AD3d 1212; Constable v State of New York, 172 AD3d 681). Even when a claimant has no other avenue of recovery (see Olsen v State of New York, 45 AD3d 824), this failure is a fatal jurisdictional defect (see Kolnacki v State of New York, 8 NY3d 277, 280-281; Matter of DeMairo v State of New York, 172 AD3d 856). The State is not required to go beyond a claim to investigate an occurrence or to ascertain information which should be provided pursuant to Court of Claims Act § 11(b) (see Lepkowski v State of New York, 1 NY3d 201, 208; Criscuola v State of New York, 188 AD3d 645).
Since the failure to comply with the requirements of Court of Claims Act §§ 10(3) and 11(b) is a jurisdictional defect, the Court of Claims properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the claim for lack of subject matter jurisdiction (see Criscuola v State of New York, 188 AD3d at 646-647).
The parties' remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court