Shabat v State of New York (2023 NY Slip Op 02693)

Shabat v State of New York

2023 NY Slip Op 02693

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-05903

[*1]Tiffany Shabat, appellant, 
v
State of New York, et al., respondents. (Claim No. 128591)

Michael N. David, New York, NY (Michael B. Thomas, Jr., of counsel), for appellant.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Judith A. Hard, J.), dated July 9, 2021. The judgment, upon a decision of the same court dated June 23, 2021, made after a hearing, dismissed the claim for failure to comply with Court of Claims Act § 11(b).
ORDERED that the judgment is affirmed, without costs or disbursements.
The facts of this case are set forth in a decision and order on a prior appeal (see Shabat v State of New York, 177 AD3d 1009), in which this Court reversed an order granting the defendants' motion to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b) after determining that there was a triable issue of fact as to whether the claimant had attached photographs of the precise location of the accident to her notice of intention to file a claim. Thereafter, following a hearing pursuant to CPLR 603, the Court of Claims determined that there were no photographs attached to the notice of intention to file a claim and in a judgment dated June 23, 2021, it dismissed the claim. The claimant appeals.
The Court of Claims properly dismissed the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b). The evidence introduced at the hearing did not demonstrate that the notice of intention to file a claim had photographs attached to it and the notice did not provide a sufficient description of the location of the accident (see Court of Claims Act § 11[b]; Smith v State of New York, 213 AD3d 789; Vallarta v State of New York, 211 AD3d 884; Criscuola v State of New York, 188 AD3d 645; Katan v State of New York, 174 AD3d 1212).
BARROS, J.P., IANNACCI, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court