Pressley v State of New York (2024 NY Slip Op 04405)

Pressley v State of New York

2024 NY Slip Op 04405

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-02174

[*1]Karlene Pressley, appellant, 
v
State of New York, respondent. (Claim No. 136312)

Shulman & Hill, PLLC, New York, NY (Ari R. Lieberman of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Eric R. Haren of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Walter Rivera, J.), dated February 9, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim and denied the claimant's cross-motion, inter alia, for leave to amend the claim.
ORDERED that the order is affirmed, with costs.
On March 16, 2021, the claimant allegedly sustained injuries when her motor vehicle was struck by a vehicle operated by a New York State Trooper in Greenburgh. In April 2021, the claimant filed a claim, which alleged that the accident occurred on the "Sprain Brook Parkway in the City of Greenburgh, County of Westchester."
The State moved pursuant to CPLR 3211(a)(2) and (7) to dismiss the claim. The claimant cross-moved for leave to amend the claim, or, in the alternative, in effect, for leave to file a late claim pursuant to Court of Claims Act § 10(6). In an order dated February 9, 2022, the Court of Claims granted the State's motion and denied the claimant's cross-motion. The claimant appeals.
Pursuant to Court of Claims Act § 11(b), a claim must specify, "'(1) the nature of [the claim]; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed'" (Sardegna v State of New York, 218 AD3d 700, 701, quoting Lepkowski v State of New York, 1 NY3d 201, 207; see Martinez v State of New York, 215 AD3d 815, 816). "'The purpose of the section 11(b) pleading requirements is to provide a sufficiently detailed description of the particulars of the claim to enable the State to investigate and promptly ascertain the existence and extent of its liability'" (Criscuola v State of New York, 188 AD3d 645, 646, quoting Sinski v State of New York, 265 AD2d 319, 319; see Williams v State of New York, 224 AD3d 790, 791). "'A failure to comply with the requirements set forth in section 11(b) of the Court of Claims Act is a jurisdictional defect compelling the dismissal of the claim'" (Vallarta v State of New York, 211 AD3d 884, 885, quoting Laignelet v State of New York, 205 AD3d 795, 795-796; see Criscuola v State of New York, 188 AD3d at 646). "The State 'is not required to ferret out or assemble information that section 11(b) obligates the claimant to allege'" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032, quoting Davila v State of [*2]New York, 140 AD3d 1415, 1416 [internal quotation marks omitted]; see Williams v State of New York, 224 AD3d at 791-792).
Here, the claim failed to meet the pleading requirements of Court of Claims Act § 11(b) because it failed to specify the location of the accident (see Vallarta v State of New York, 211 AD3d at 885; Constable v State of New York, 172 AD3d 681, 682). The claim failed to specify where on the Sprain Brook Parkway in the City of Greenburgh the accident occurred with sufficient detail for the State to have notice of the essential facts of the claim and to investigate the claim. The claim also failed to allege the particular manner in which the State was negligent (see Kimball Brooklands Corp. v State of New York, 180 AD3d at 1033). Contrary to the claimant's contention, "a jurisdictionally defective claim may not be cured by amendment" (Musumeci v State of New York, 220 AD3d 877, 879).
Moreover, the "'Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim'" (Shah v State of New York, 178 AD3d 871, 872, quoting Tucholski v State of New York, 122 AD3d 612, 612). The factors are "whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file or serve upon the attorney general a timely claim or to serve upon the attorney general a notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy" (Court of Claims Act § 10[6]). "'No one factor is deemed controlling, nor is the presence or absence of any one factor determinative'" (Hyatt v State of New York, 180 AD3d 764, 766, quoting Casey v State of New York, 161 AD3d 720, 721; see Dominguez v State of New York, 218 AD3d 440, 442).
Here, the claimant failed to establish that the State had notice of the essential facts constituting the claim and an opportunity to investigate the extent of its potential liability (see Winter v State of New York, 187 AD3d 825, 826; Hyatt v State of New York, 180 AD3d at 767). The claimant also failed to establish that the claim appears to be meritorious because she did not establish that she sustained a serious injury under the Insurance Law (see Insurance Law §§ 5102[d]; 5104[a]; Cox v New York State Thruway Auth., 186 AD3d 560, 561; Lucas v State of New York, 155 AD3d 710, 711-712). Finally, the claimant has conceded that an alternative remedy exists (see Hyatt v State of New York, 180 AD3d at 767; Decker v State of New York, 164 AD3d 650, 654).
In light of our determination, the claimant's remaining contention need not be reached.
Accordingly, the Court of Claims properly granted the State's motion pursuant to CPLR 3211(a) to dismiss the claim and properly denied the claimant's cross-motion for leave to amend the claim, or, in the alternative, in effect, for leave to file a late claim pursuant to Court of Claims Act § 10(6).
BRATHWAITE NELSON, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court