Williams v State of New York (2025 NY Slip Op 02963)

Williams v State of New York

2025 NY Slip Op 02963

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-07231

[*1]Marian T. Williams, et al., appellants,
v
State of New York, respondent. (Claim No. 137469)

Worby Vecchio Edelman LLP, White Plains, NY (Mark D. Stumer and Peter K. Overzat of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Blair J. Greenwald of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Walter Rivera, J.), dated June 7, 2022. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211(a) to dismiss the claim is denied.
On December 10, 2020, the claimant Miriam T. Williams (hereinafter the injured claimant) fell on blacktop in Franklin D. Roosevelt State Park (hereinafter the park). On March 8, 2021, the injured claimant served a notice of intention to file a claim against the State of New York, alleging that the accident occurred on December 10, 2020, at approximately 12:00 p.m. and that she fell on a defect in a paved walkway leading from a parking lot to a pavilion with men's and women's restrooms, approximately 76.5 inches from a large tree, 67 inches from a stone wall or pillar, and 252 inches from the restroom pavilion. Annexed to the notice of intention to file a claim were photographs taken on February 25, 2021, the first of which contained GPS coordinates. In another photograph, the alleged defect was circled.
On February 22, 2022, the injured claimant, and her husband suing derivatively, filed a verified claim, alleging that the accident occurred on December 10, 2020, using the same description of the location of the accident as she used in the notice of intention to file a claim, and including the same photographs that were annexed to the notice of intention to file a claim. The State moved pursuant to CPLR 3211(a) to dismiss the claim on the ground that the claim failed to state "the time at which the incident occurred" and "a sufficient description of the location of the accident, and any supplemental accident report." The State acknowledged that the notice of intention to file a claim "provide[d] the time," but asserted that the description of where the accident occurred was not sufficiently specific, since there were six parking lots in the park, six restroom pavilions, and multiple walkways, large trees, and rock walls. In an order dated June 7, 2022, the Court of Claims granted the State's motion pursuant to CPLR 3211(a) to dismiss the claim. The claimants appeal.
Court of Claims Act § 11(b) provides, in pertinent part, that "[t]he claim shall state the time when and place where such claim arose." "[S]trict compliance with the jurisdictional requirements of the Court of Claims Act is necessary" (Triani v State of New York, 44 AD3d 1032, 1032-1033). Here, the exact date when the accident occurred was provided, which was sufficient as to time (see Davila v State of New York, 140 AD3d 1415).
With respect to the location of the accident, "[a]bsolute exactness is not required when describing the location where the claim arose, but the claim must contain sufficient definiteness to enable the State to investigate the claim promptly and ascertain its liability under the circumstances" (Smith v State of New York, 213 AD3d 789, 790). Here the description and photographs (see Brown v City of New York, 95 NY2d 389) provided sufficient notice of the location of the accident.
Accordingly, the Court of Claims should have denied the State's motion pursuant to CPLR 3211(a) to dismiss the claim.
BARROS, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court