Viscuso v State of New York (2025 NY Slip Op 03111)

Viscuso v State of New York

2025 NY Slip Op 03111

Decided on May 22, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 22, 2025

CV-23-1845
[*1]Mark Viscuso et al., Appellants,
v
State of New York, Respondent. (And Another Related Claim.)

Calendar Date:March 27, 2025

Before:Garry, P.J., Egan Jr., Reynolds Fitzgerald, McShan and Mackey, JJ.

Law Offices of Pat Brown, Rye Brook (J. Patten Brown III of counsel), for appellants.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Court of Claims (Zainab Chaudhry, J.), entered September 20, 2023, which granted defendant's motion to dismiss the claims.
Claimants allege that they were injured in a motorcycle accident on a state-maintained highway in June 2018. On August 23, 2018, they each served upon the Attorney General a notice of intention to file a claim, which generally would operate to extend the 90-day time period in which to file a claim against the state to two years following the claim's accrual (see Court of Claims Act § 10 [3]). According to the notices, the accident occurred on June 11, 2018 "on High Street, a main road in Hoosick Falls, New York that is also known as Route 22," as "the result of the motorcycle colliding with a sunken manhole."
On May 26, 2020, claimants filed the first of the two subject claims, clarifying that the accident occurred on June 10, 2018 and including additional detail about its location: "the southbound lane of New York State Route 22 a/k/a High Street, approximately ¼ mile south of its intersection with Danforth Street, in the Village of Hoosick Falls, Rensselaer County, State of New York." Defendant answered that claim, asserting 14 affirmative defenses, 8 of which concerned jurisdictional defects with both the notices of intention and the claim itself, including that the notices and the claim were deficient for failing to include an adequate description of the accident location and that, for the same reason, the notices were insufficient to extend the time for filing, rendering the claim untimely and depriving the court of subject matter jurisdiction. Defendant then filed a motion to dismiss on CPLR 3211 (a) (2) and (8) grounds, among others, arguing only that the claim did not adequately describe the accident location and providing an affidavit of the county's resident engineer to that end. Claimants opposed.
On January 21, 2021, while that motion was pending, claimants, reportedly in an abundance of caution, filed a second claim identifying more specifically the manhole that allegedly caused the accident. On February 24, 2021, the Court of Claims (Collins, J.) denied defendant's motion, concluding that, on the proof presented, defendant failed to demonstrate that the description set forth in the first claim was insufficient to enable appropriate investigation.
Defendant subsequently answered the second claim, asserting the same affirmative defenses as before. It then filed a motion seeking to dismiss both claims, this time arguing that the notices of intention failed to meet pleading requirements. The Court of Claims (Chaudhry, J.) rejected claimants' argument that defendant's second motion was virtually identical to its first and agreed that, unlike the claims themselves, the notices of intention failed to adequately specify where the alleged accident occurred. Accordingly, the court held that, as the notices were deficient, the time to file was not extended and the claims, which had been filed [*2]years after the accident, were untimely, divesting the court of subject matter jurisdiction. The court therefore granted defendant's second motion, dismissing the claims. Claimants appeal.
The Court of Claims Act "places five specific substantive conditions upon the State's waiver of sovereign immunity by requiring the claim to specify (1) 'the nature of [the claim]'; (2) 'the time when' it arose; (3) the 'place where' it arose; (4) 'the items of damage or injuries claimed to have been sustained'; and (5) 'the total sum claimed' " (Lepkowski v State of New York, 1 NY3d 201, 207 [2003], quoting Court of Claims Act § 11 [b]; see Kolnacki v State of New York, 8 NY3d 277, 281 [2007]). With the exception of damage or injuries and the sum claimed, a "notice of intention to file a claim shall set forth the same matters" (Court of Claims Act § 11 [b]). It has long been held that, although "absolute exactness is not necessary, a claimant must provide a sufficiently detailed description of the particulars of the claim to enable defendant to investigate and promptly ascertain the existence and extent of its liability" (Sommer v State of New York, 131 AD3d 757, 757-758 [3d Dept 2015] [internal quotation marks, brackets and citations omitted]; see Wright v State of New York, ___ NY3d ___, ___, 2025 NY Slip Op 01564, *3 [2025]; Katan v State of New York, 174 AD3d 1212, 1213 [3d Dept 2019]).
Claimants maintain that their notices of intention were sufficiently specific because they advised not only of the town and route of the accident but also the presence of a sunken manhole, which, in claimants' view, was an uncommon enough defect to enable defendant to locate the exact location of the accident and permit investigation of its liability. The record demonstrates that, during the pertinent time period, there were over a dozen manholes in less than a half mile of Route 22 in Hoosick Falls, in one direction. We disagree that the description of the manhole as sunken was sufficiently definite to enable prompt investigation of the claim as defendant was not required to "ferret out" which of the manholes allegedly caused claimants' accident (Lepkowski v State of New York, 1 NY3d at 208; see Smith v State of New York, 213 AD3d 789, 790-791 [2d Dept 2023]; Criscuola v State of New York, 188 AD3d 645, 645-646 [2d Dept 2020]; Katan v State of New York, 174 AD3d at 1213; Constable v State of New York, 172 AD3d 681, 682 [2d Dept 2019]). The defects in the notices of intention were not cured by the detailed descriptions in the claims, submitted long after the requisite 90-day period for notice had expired.
Claimants also passingly assert, for the first time on appeal, that defendant could have raised the defectiveness of the notices of intention in its first motion but chose not to, implying that defendant should be precluded from doing so now but providing no legal argument or authority to that end. As the Court of Claims recognized, defendant's present argument, which amounts [*3]to a waivable timeliness challenge, was properly raised in its answers (see Court of Claims Act § 11 [c]; see also Court of Claims Act § 10), although it then inexplicably failed to pursue that argument in its first postanswer motion to dismiss.[FN1] Nonetheless, we are unable to discern any restriction on its ability to raise the subject argument when it did (see Constable v State of New York, 172 AD3d at 682-683; Steele v State of New York, 145 AD3d 1363, 1364-1365 [3d Dept 2016]).
As the notices of intention were deficient, they did not serve to extend claimants' time to file and serve a claim beyond the 90-day statutory period (see Court of Claims Act § 10 [3]). The claims, which were filed years following their accrual, were therefore untimely, and claimants' failure to comply with the time limitations of the Court of Claims Act thus deprived the court of subject matter jurisdiction, necessitating dismissal (see Lyles v State of New York, 3 NY3d 396, 400 [2004]). "Although the result may be harsh, it is for the Legislature, not this Court, to set the terms of the State's waiver of immunity" (Kolnacki v State of New York, 8 NY3d at 281).
Egan Jr., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Given that the motions here were postanswer, albeit on CPLR 3211 (a) grounds, the single motion rule contained in CPLR 3211 (e) does not apply (see Newlands Asset Holding Trust v Vasquez, 218 AD3d 786, 787-788 [2d Dept 2023]; see generally Held v Kaufman, 91 NY2d 425, 430 [1998]).