Lunati v State of New York (2025 NY Slip Op 04562)

Lunati v State of New York

2025 NY Slip Op 04562

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-08105
2023-02228
2023-03924

[*1]Ralph Lunati, appellant, 
v
State of New York, respondent. (Claim No. 136134)

Decolator, Cohen & DiPrisco, Garden City, NY (Dominic DiPrisco of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Anagha Sundararajan of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from (1) an order of the Court of Claims (Maureen T. Liccione, J.), dated August 3, 2022, (2) an order of the same court dated December 22, 2022, and (3) an order of the same court, also dated December 22, 2022. The order dated August 3, 2022, denied that branch of the claimant's motion which was pursuant to CPLR 3025(b) for leave to amend the claim. The first order dated December 22, 2022, denied the claimant's motion for leave to reargue his motion pursuant to CPLR 3025(b) for leave to amend the claim or, in the alternative, pursuant to Court of Claims Act § 10(8) to treat the notice of intention to file a claim as a claim, and granted the defendant's cross-motion pursuant to CPLR 3211(a) to dismiss the claim. The second order dated December 22, 2022, denied the claimant's motion pursuant to Court of Claims Act § 10(6) for leave to file a late claim.
ORDERED that the appeal from so much of the first order dated December 22, 2022, as denied that branch of the claimant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated August 3, 2022, is affirmed; and it is further,
ORDERED that the first order dated December 22, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that the second order dated December 22, 2022, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On July 25, 2020, the claimant allegedly sustained personal injuries when the bicycle he was riding struck a pothole in a New York State park. In September 2020, he timely served a notice of intention to file a claim upon the State. The notice of intention to file a claim stated that the accident occurred "at or about the parking lot adjacent to Field 7 at Hecks[c]her State Park [*2]located at 1 Hecks[c]her State Parkway, East Islip." In March 2021, the claimant filed a claim containing the same description of the accident location.
In February 2022, the claimant moved, inter alia, pursuant to CPLR 3025(b) for leave to amend the claim. In an order dated August 3, 2022, the Court of Claims denied that branch of the claimant's motion.
In September 2022, the claimant moved, inter alia, pursuant to Court of Claims Act § 10(8) to treat the notice of intention to file a claim as a claim. The State cross-moved pursuant to CPLR 3211(a) to dismiss the claim. In an order dated December 22, 2022, the Court of Claims, among other things, denied that branch of the claimant's motion and granted the State's cross-motion.
In September 2022, the claimant also moved pursuant to Court of Claims Act § 10(6) for leave to file a late claim. In a second order dated December 22, 2022, the Court of Claims denied the claimant's motion.
The claimant appeals from all three orders.
Pursuant to Court of Claims Act § 11(b), a claim must specify "'(1) the nature of [the claim]; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed'" (Sardegna v State of New York, 218 AD3d 700, 701, quoting Lepkowski v State of New York, 1 NY3d 201, 207; see Martinez v State of New York, 215 AD3d 815, 816). "'The purpose of the section 11(b) pleading requirements is to provide a sufficiently detailed description of the particulars of the claim to enable the State to investigate and promptly ascertain the existence and extent of its liability'" (Criscuola v State of New York, 188 AD3d 645, 646, quoting Sinski v State of New York, 265 AD2d 319, 319; see Williams v State of New York, 224 AD3d 790, 791). "'A failure to comply with the requirements set forth in section 11(b) of the Court of Claims Act is a jurisdictional defect compelling the dismissal of the claim'" (Vallarta v State of New York, 211 AD3d 884, 885, quoting Laignelet v State of New York, 205 AD3d 795, 795-796; see Criscuola v State of New York, 188 AD3d at 646). "The State is not required to ferret out or assemble information that section 11(b) obligates the claimant to allege" (Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [internal quotation marks omitted]; see Williams v State of New York, 224 AD3d at 791-792).
Here, the claimant failed to adequately specify the location of the accident within Heckscher State Park and thus failed to meet the requirements of Court of Claims Act § 11(b), rendering the claim jurisdictionally defective (see Vallarta v State of New York, 211 AD3d at 885; Constable v State of New York, 172 AD3d 681, 682). "[A] jurisdictionally defective claim may not be cured by amendment" (Musumeci v State of New York, 220 AD3d 877, 879). Accordingly, the Court of Claims properly denied that branch of the claimant's motion which was pursuant to CPLR 3025(b) for leave to amend the claim.
Court of Claims Act § 10(8)(a) provides that a court may grant an application to treat a notice of intention to file a claim as a claim if, among other things, the notice of intention to file a claim "was timely served, and contains facts sufficient to constitute a claim; and the granting of the application would not prejudice the defendant." Here, because the notice of intention to file a claim contained the same deficient description of the accident location, it was legally insufficient as it failed to satisfy the requirements of Court of Claims Act § 11(b) and, thus, could not be treated as a claim (see Sharief v State of New York, 164 AD3d 851, 852). Accordingly, the Court of Claims properly denied that branch of the claimant's motion which was pursuant to Court of Claims Act § 10(8) to treat the notice of intention to file a claim as a claim.
Moreover, because, as previously set forth, the notice of intention to file a claim was deficient in that it failed to satisfy the requirements of Court of Claims Act § 11(b), it did not serve to extend the time for the claimant to file a claim pursuant to Court of Claims Act § 10(3) (see Criscuola v State of New York, 188 AD3d at 646). Therefore, the claim was untimely, and "[t]he [*3]claimant's failure to comply with the filing requirements of the Court of Claims Act deprived the Court of Claims of subject matter jurisdiction" (id. [internal quotation marks omitted]; see Hargrove v State of New York, 138 AD3d 777, 778). Accordingly, the Court of Claims properly granted the State's cross-motion pursuant to CPLR 3211(a) to dismiss the claim.
"'Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim'" (Shah v State of New York, 178 AD3d 871, 872, quoting Tucholski v State of New York, 122 AD3d 612, 612). The factors are "whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file or serve upon the attorney general a timely claim or to serve upon the attorney general a notice of intention resulted in substantial prejudice to the state; and whether the claimant has any other available remedy" (Court of Claims Act § 10[6]). "'No one factor is deemed controlling, nor is the presence or absence of any one factor determinative'" (Hyatt v State of New York, 180 AD3d 764, 766, quoting Casey v State of New York, 161 AD3d 720, 721; see Dominguez v State of New York, 218 AD3d 440, 442).
Here, the claimant failed to establish that he had a reasonable excuse for his delay or that the State had notice of the essential facts constituting the claim and an opportunity to investigate the extent of its potential liability (see Winter v State of New York, 187 AD3d 825, 826; Hyatt v State of New York, 180 AD3d at 767). The claimant also failed to adequately set forth sufficient facts demonstrating that the claim was potentially meritorious (see Hersh v State of New York, 230 AD3d 1304, 1305-1306; Sharief v State of New York, 164 AD3d at 852). Accordingly, the Court of Claims providently exercised its discretion in denying the claimant's motion pursuant to Court of Claims Act § 10(6) for leave to file a late claim.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court