Ferro v State of New York (2025 NY Slip Op 04980)

Ferro v State of New York

2025 NY Slip Op 04980

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2024-07260

[*1]John Frederick Ferro, appellant, 
v
State of New York, respondent. (Claim No. 136438)

The Odierno Law Firm, P.C. (Horn Appellate Group, Brooklyn, NY [Scott T. Horn], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Matthew W. Grieco and Blair J. Greenwald of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated June 7, 2024. The order granted the defendant's motion for summary judgment dismissing the claim and denied the claimant's cross-motion pursuant to Court of Claims Act § 10(8)(a) to treat the notice of intention to file a claim as a claim.
ORDERED that the order is affirmed, with costs.
On May 26, 2020, the claimant allegedly was riding an electric motorized scooter within a New York State preserve when he purportedly was caused to fall and sustain injuries. In August 2020, the claimant filed a notice of intention to file a claim against the defendant. In June 2021, the claimant filed a notice of claim. However, it is undisputed that the defendant was not properly served with the notice of claim. In May 2023, the defendant moved for summary judgment dismissing the claim. The claimant opposed the defendant's motion and cross-moved pursuant to Court of Claims Act § 10(8)(a) to treat the notice of intention to file a claim as a claim. In an order dated June 7, 2024, the Court of Claims granted the defendant's motion and denied the claimant's cross-motion. The claimant appeals.
Court of Claims Act § 10(8)(a) provides that a court may grant an application to treat a notice of intention as a claim if, among other things, the notice of intention "was timely served, and contains facts sufficient to constitute a claim; and the granting of the application would not prejudice the defendant" (see Johnson v State of New York, 231 AD3d 793, 794). Court of Claims Act § 11(b) provides, inter alia, that "[t]he claim shall state the time when and place where such claim arose, the nature of same, the items of damage or injuries claimed to have been sustained and, except in an action to recover damages for personal injury . . . the total sum claimed" (see Sacher v State of New York, 211 AD3d 867, 870, 873). The "'guiding principle'" informing section 11(b)'s pleading requirements is that the claim must set forth sufficient information to enable the State to be "'able to investigate the claim promptly and to ascertain its liability under the circumstances'" (Johnson v State of New York, 231 AD3d at 794, quoting Martinez v State of New York, 215 AD3d 815, 816; see Meyer v State of New York, 213 AD3d 753, 755). "Absolute exactness is not required when [*2]describing the location where the claim arose, but the claim must contain sufficient definiteness to enable the State to investigate the claim promptly and ascertain its liability under the circumstances" (Smith v State of New York, 213 AD3d 789, 790; see Mosley v State of New York, 117 AD3d 1417). "'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724). The failure to satisfy any of the requirements of Court of Claims Act § 11(b) is a jurisdictional defect mandating dismissal (see Martinez v State of New York, 215 AD3d at 816).
Here, contrary to the claimant's contention, the notice of intention did not "contain[ ] facts sufficient to constitute a claim" as required by Court of Claims Act § 10(8)(a). The notice of intention failed to describe the location of the alleged accident with sufficient specificity to satisfy the requirements of Court of Claims Act § 11(b), as the notice of intention contained only a generalized statement that the alleged accident occurred "at or near" a certain intersection (see Criscuola v State of New York, 188 AD3d 645, 646; Wan Man Hui v Town of Oyster Bay, 267 AD2d 233, 234). Further, the notice of intention failed to set forth "the items of damage or injuries claimed to have been sustained" (Court of Claims Act § 11[b]), inasmuch as it contained only a generalized statement that the claimant "sustain[ed] multiple serious injuries." Since these are jurisdictional defects, the Court of Claims properly granted the defendant's motion for summary judgment dismissing the claim and denied the claimant's cross-motion pursuant to Court of Claims Act § 10(8)(a) to treat the notice of intention to file a claim as a claim (see Sharief v State of New York, 164 AD3d 851, 852).
DILLON, J.P., DOWLING, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court