Hyatt v State of New York (2020 NY Slip Op 01051)





Hyatt v State of New York


2020 NY Slip Op 01051


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-00696

[*1]Joseph Hyatt, Jr., appellant, 
v
State of New York, respondent.


Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Caroline A. Olsen of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Walter Rivera, J.), dated October 23, 2018. The order, insofar as appealed from, denied that branch of the claimant's motion which was for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 9, 2016, the claimant allegedly was seriously injured when the vehicle in which he was a passenger crossed over the center double-yellow line and collided head on with a vehicle traveling in the opposite direction on State Route 9 in Fishkill. The police accident report prepared by the responding New York State trooper stated that the accident occurred on Route 9 at .50 miles north of South Rapalje Road and noted the reference marker as 9 8205 1009. On January 19, 2017, the claimant served a timely notice of intention to file a claim, which described the place where the claim arose as Route 9 "at or about the area of ½ mile north of south Repalje Road." On July 16, 2018, in preparation for filing a claim, the claimant's newly retained attorney went to the location of the accident with a retained engineering consultant and decided that the location of the accident as described in the police report and notice of intention to file a claim prepared by the claimant's prior attorney was incorrect. On July 18, 2018, the claimant's father met the engineering consultant at the allegedly correct location of the accident. At the time of the accident, the claimant's father was the Fire Chief of the North Highlands Fire Department, which occupied a fire house approximately two miles from the location of the accident, and the claimant's father had been one of the emergency responders at the scene of the claimant's accident. On July 25, 2018, the claimant served an amended notice of intention to file a claim, which described the place where the claim arose as Route 9 "at or about the area of approximately 0.8 miles south of South Repalje Road . . . with the closest mile marker being 1019." Subsequently, by notice of motion dated August 2, 2018, the claimant moved, inter alia, for leave to file a late claim pursuant to Court of Claims Act § 10(6). The proposed claim described the place where the claim arose as Route 9 "at or about the area of approximately 0.8 miles south of S Rapalje Rd, which reference marker is 1019 a/k/a 0.3 miles south of S Clove more specifically described as 9 8205 1011." The Court of Claims denied that branch of the motion. The claimant appeals.
"Court of Claims Act § 10(3) requires that a claim to recover damages for personal injuries caused by the negligence of an officer or employee of the state must be served upon the attorney general within 90 days after the accrual of such claim" (Casey v State of New York, 161 AD3d 720, 720). "However, Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim'" (id. at 720-721, quoting Tucholski v State of New York, 122 AD3d 612, 612). The enumerated factors are whether the delay in filing was excusable, the State had notice of the essential facts constituting the claim, the State had an opportunity to investigate the circumstances underlying the claim, the claim appears to be meritorious, the State is prejudiced, and the claimant has any other available remedy (see Court of Claims Act § 10[6]; Borawski v State of New York, 128 AD3d 628, 628-629). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (Casey v State of New York, 161 AD3d at 721 [internal quotation marks omitted]; see Morris v Doe, 104 AD3d 921; Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474).
Here, we agree with the denial of that branch of the claimant's motion which was for leave to file a late claim pursuant to Court of Claims Act § 10(6).
The claimant failed to demonstrate a potentially meritorious claim (see Casey v State of New York, 161 AD3d at 722; Morris v Doe, 104 AD3d at 921). He did not proffer any evidence that tends to substantiate his conclusory allegations that the State was negligent, inter alia, in failing to properly design, maintain, repair, and inspect the roadway. Moreover, he failed to substantiate how the State's alleged negligence contributed to the accident where the circumstances were such that a 17-year-old driver of the host car crossed over the double-yellow line and proceeded into oncoming traffic (see Casey v State of New York, 161 AD3d at 722; Morris v Doe, 104 AD3d at 921; Langner v State of New York, 65 AD3d 780, 783). The claimant submitted an affidavit of merit of his father wherein his father merely stated that he is "familiar with that roadway area and the vehicles travel at high speeds given the circumstances." The claimant's expert engineer did not relate the accident to any specific deficiency in the roadway. Further, the claimant is unable to recall the details of the accident.
In addition, the claimant failed to demonstrate a reasonable excuse for the approximately 1½-year delay in seeking leave to file a late claim. His attorney's failure to timely and properly investigate the claim in order to determine the location of the accident, especially in light of the fact that the claimant's father had been an emergency responder at the scene of the accident, in effect, constitutes law office failure, which is not a reasonable excuse (see Decker v State of New York, 164 AD3d 650, 652; Casey v State of New York, 161 AD3d at 721; Morris v Doe, 104 AD3d at 921).
The claimant also failed to demonstrate that the State had timely notice of the essential facts constituting his proposed claim regarding the location of the accident, as the notice of intention to file a claim did not provide notice of the location of the accident that was subsequently alleged in the proposed claim (see Decker v State of New York, 164 AD3d at 652; Casey v State of New York, 161 AD3d at 721; Sommer v State of New York, 131 AD3d 757, 758; Sheils v State of New York, 249 AD2d 459). The police accident report filed with the New York State Department of Motor Vehicles, which described the place of the occurrence of the accident at a location significantly different from the location alleged in the proposed claim, was insufficient to provide the State with notice of the essential facts constituting the claim (see Casey v State of New York, 161 AD3d at 721; Quilliam v State of New York, 282 AD2d 590, 591).
In addition, the claimant failed to demonstrate that the State had an opportunity to investigate and promptly ascertain the existence and extent of its liability (see Decker v State of New York, 164 AD3d at 653; Casey v State of New York, 161 AD3d at 721).
Finally, the claimant has another remedy available to him because he may commence an action against the driver of the offending vehicle (see Decker v State of New York, 164 AD3d at 654; Matter of Bonaventure v New York State Thruway Auth., 114 AD2d 674, 675, affd 67 NY2d [*2]811).
Accordingly, the Court of Claims providently exercised its discretion in denying that branch of the claimant's motion which was for leave to file a late claim (see Court of Claims Act § 10[6]).
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court