Winter v State of New York (2020 NY Slip Op 05553)





Winter v State of New York


2020 NY Slip Op 05553


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
PAUL WOOTEN, JJ.


2018-09002

[*1]Joseph Winter, appellant, 
v
State of New York, respondent.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Floran Glennon Palendech Ponzi & Rudloff, P.C., New York, NY (Nicholas J. Marino of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Stephen J. Lynch, J.), dated March 12, 2018. The order denied the claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed, with costs.
On July 28, 2014, the claimant allegedly was injured while operating a jackhammer on or near the Heckscher Bridge in Islip. At the time, he was employed by Village Dock, Inc., which had entered into a contract with the New York State Department of Transportation to perform certain construction work at the site.
On July 21, 2017, the claimant moved for leave to file a late claim pursuant to Court of Claims Act § 10(6) against the State, the owner of the bridge, alleging violations of Labor Law §§ 200, 240(1), and 241(6). The Court of Claims denied the motion, and the claimant appeals.
Court of Claims Act § 10(3) requires that a claim to recover damages for personal injuries caused by the negligence of an officer or employee of the state must be filed and served upon the attorney general within 90 days after the accrual of such a claim. However, Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of enumerated factors, to allow a claimant to file a late claim. "The enumerated factors are whether the delay in filing [the claim] was excusable, the State had notice of the essential facts constituting the claim, the State had an opportunity to investigate the circumstances underlying the claim, the claim appears to be meritorious, the State is prejudiced, and the claimant has any other available remedy" (Hyatt v State of New York, 180 AD3d 764, 766).
Although the Court of Claims is required to consider the six factors set forth in Court of Claims Act § 10(6), no single factor is deemed controlling (see Matter of Barnes v State of New York, 161 AD3d 1325; Matter of Thomas v State of New York, 272 AD2d 650; Matter of E.K. v State of New York, 235 AD2d 540), and the presence or absence of any one factor is not dispositive (see Morris v Doe, 104 AD3d 921; Broncati v State of New York, 288 AD2d 172).
Here, the claimant failed to demonstrate a reasonable excuse for his failure to file a [*2]timely claim, that the State had notice of the essential facts constituting the claim, and that the State had an opportunity to investigate his claim. The claimant also failed to sustain his initial burden of demonstrating that the State would not be substantially prejudiced by the filing of the untimely claim (see Tucker v New York State Thruway Auth., 175 AD3d 632, 633).
Accordingly, we agree with the Court of Claims' determination to deny the claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
DILLON, J.P., BALKIN, COHEN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court