Buyes v State of New York (2022 NY Slip Op 05015)

Buyes v State of New York

2022 NY Slip Op 05015

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-02799

[*1]Wayne E. Buyes, appellant,
v
State of New York, respondent. (Claim No. 94158)

John M. O'Brien, Sag Harbor, NY, for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for negligent infliction of emotional distress, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated November 19, 2019. The order denied the claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed, with costs.
The claimant moved for leave to file a late claim pursuant to Court of Claims Act § 10(6) to recover damages for negligent infliction of emotional distress. The State opposed the motion. In the order appealed from, the Court of Claims denied the claimant's motion. The claimant appeals. We affirm.
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Tucholski v State of New York, 122 AD3d 612, 612). "In determining whether to permit the filing of a [late] claim . . . the court shall consider, among other factors, [1] whether the delay in filing the claim was excusable; [2] whether the state had notice of the essential facts constituting the claim; [3] whether the state had an opportunity to investigate the circumstances underlying the claim; [4] whether the claim appears to be meritorious; [5] whether the failure to file or serve upon the attorney general a timely claim . . . resulted in substantial prejudice to the state; and [6] whether the claimant has any other available remedy" (Court of Claims Act § 10[6]; see Stirnweiss v State of New York, 186 AD3d 1444, 1445). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474; see Casey v State of New York, 161 AD3d 720, 721; Tucholski v State of New York, 122 AD3d 612; Morris v Doe, 104 AD3d 921).
Here, the claimant failed to demonstrate a reasonable excuse for his failure to file a timely claim (see Casey v State of New York, 161 AD3d at 721; Matter of Magee v State of New York, 54 AD3d 1117, 1118; Klingler v State of New York, 213 AD2d 378, 379; Musto v State of New York, 156 AD2d 962, 963; Cabral v State of New York, 149 AD2d 453, 453), and also failed to adequately demonstrate the merits of his claim (see Hyatt v State of New York, 180 AD3d 764, 766). [*2]In addition, the record demonstrates that the claimant had another remedy available to him (see id. at 766; Matter of Bonaventure v New York State Thruway Auth., 114 AD2d 674, 675, affd 67 NY2d 811). Under the circumstances, the Court of Claims providently exercised its discretion in denying the claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10(6) (see Morris v Doe, 104 AD3d at 921; Qing Liu v City Univ. of N.Y., 262 AD2d at 474; Matter of Barella v State of New York, 232 AD2d 633, 633; Cabral v State of New York, 149 AD2d at 453-454).
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court