Dominguez v State of New York (2023 NY Slip Op 03680)

Dominguez v State of New York

2023 NY Slip Op 03680

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-05733

[*1]Lorena Dominguez, appellant, 
v
State of New York, respondent, et al., defendant.

The Lambrou Law Firm, P.C. (Hogan & Cassell, LLP, Jericho, NY [Michael D. Cassell], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Sarah Coco of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an amended order of the Court of Claims (Linda K. Mejias-Glover, J.), dated May 9, 2022. The amended order denied the claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the amended order is affirmed, with costs.
On November 23, 2021, the claimant moved for leave to serve a late claim pursuant to Court of Claims Act § 10(6), in order to recover damages for injuries she allegedly sustained on April 20, 2021, when she was struck by a vehicle driven by an on-duty investigator for the New York State Police while riding her scooter in a crosswalk at an intersection in Brooklyn. The claimant alleged that the driver of the offending vehicle was negligent, among other things, in operating the vehicle at an unsafe speed, in failing to yield the right-of-way, in entering the intersection against a steady red light, in failing to keep a safe distance from the claimant, and in striking the claimant. In an affidavit, the claimant attested that she was unable to ascertain the identity of the driver of the offending vehicle after the accident because of the severity of her injuries, which required her to be transported from the scene to a hospital. She further attested that "a couple of days" after the accident, she went to the police station to obtain a police accident report, but was told that the report was not ready, and at an unspecified time "thereafter" returned to the station and "was told that the investigation of the accident was taken over by the New York State Police." She thereafter hired a law firm, which did not assist her in obtaining the report or filing a claim, and on September 15, 2021, she discharged her attorneys and hired her current counsel. Her current counsel obtained a copy of the police accident report and conducted an investigation, which revealed that the offending vehicle was driven by an investigator for the New York State Police, and that the police accident report was completed by members of the New York State Police. The claimant averred that she sustained multiple serious injuries as a result of the accident that rendered her disabled and unable to work.
The police accident report, a copy of which was annexed to the claimant's motion, reflects that the report was reviewed by a reviewing officer on May 13, 2021. The report described the accident as having occurred when the claimant, who was riding an electric scooter, struck the [*2]other vehicle while the other vehicle was stopped at a red light with the front of the vehicle protruding into the crosswalk. The report listed as apparent contributing factors to the accident the claimant's "inattention/distraction," and the driver of the other vehicle having "disregarded" a "traffic control."
The State opposed the claimant's motion. The State contended, inter alia, that the claimant had sufficient time to obtain the police accident report after it was completed on May 13, 2021, in order to file a timely claim, and had failed to demonstrate a reasonable excuse for her delay. The State further contended that the police accident report was not the equivalent of an investigation for purposes of a lawsuit, and the plaintiff's delay had deprived them of an opportunity to conduct a timely investigation of the facts constituting the proposed claim.
In an amended order dated May 9, 2022, the Court of Claims denied the claimant's motion for leave to file a late claim. The claimant appeals.
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Tucholski v State of New York, 122 AD3d 612, 612). "In determining whether to permit the filing of a [late] claim . . . the court shall consider, among other factors, [1] whether the delay in filing the claim was excusable; [2] whether the state had notice of the essential facts constituting the claim; [3] whether the state had an opportunity to investigate the circumstances underlying the claim; [4] whether the claim appears to be meritorious; [5] whether the failure to file or serve upon the attorney general a timely claim . . . resulted in substantial prejudice to the state; and [6] whether the claimant has any other available remedy" (Court of Claims Act § 10[6]; see Stirnweiss v State of New York, 186 AD3d 1444, 1445). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474; see Casey v State of New York, 161 AD3d 720, 721).
Here, contrary to the claimant's contention, the claimant failed to demonstrate that the State had timely notice of the essential facts constituting the proposed claim. Notice of the essential facts constituting the claim requires "knowledge of the facts that underlie the legal theory or theories on which liability is predicated," and not merely notice of the accident itself (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148). Here, the police accident report did not give the State notice of the essential facts constituting the claim, as the description of the happening of the accident contained in the report differed materially from the alleged facts upon which the claimant's theories of liability were based (see id. at 149-150; Matter of Ryder v Garden City School Dist., 277 AD2d 388, 388-389; see also Hyatt v State of New York, 180 AD3d 764, 767).
The claimant also failed to demonstrate a reasonable excuse for her failure to file a timely claim (see Hyatt v State of New York, 180 AD3d at 767; Casey v State of New York, 161 AD3d at 721). The claimant failed to explain the gap of several months between her initial efforts to obtain the police accident report and her retention of her current counsel, who was able to obtain the report and identify the driver of the allegedly offending vehicle. The purported failure of her prior counsel to properly investigate her claim is not a reasonable excuse for purposes of Court of Claims Act § 10(6) (see Decker v State of New York, 164 AD3d 650, 652).
In addition, the record demonstrates that the claimant has another remedy available to her (see Hyatt v State of New York, 180 AD3d at 767; Matter of Bonaventure v New York State Thruway Auth., 114 AD2d 674, 675).
Under the circumstances, the Court of Claims providently exercised its discretion in denying the claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10(6) (see Winter v State of New York, 187 AD3d 825, 826; Tucker v New York State Thruway Auth., 175 AD3d 632, 633).
The parties' remaining contentions are without merit.
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court