Hersh v State of New York (2024 NY Slip Op 04547)

Hersh v State of New York

2024 NY Slip Op 04547

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-10196

[*1]Rachel Hersh, appellant, 
v
State of New York, respondent.

Kardisch Law Group P.C., East Meadow, NY (Josh H. Kardisch of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Philip J. Levitz of counsel; Katherine Stanton on the brief), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated July 13, 2022. The order denied the claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed, with costs.
In May 2021, the claimant moved for leave to file a late claim pursuant to Court of Claims Act § 10(6) to recover damages for injuries she alleged that she sustained in February 2021 when she slipped and fell on ice in Hempstead Lake State Park owned by the State of New York. The State opposed. In an order dated July 13, 2022, the Court of Claims denied the claimant's motion. The claimant appeals. We affirm.
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Dominguez v State of New York, 218 AD3d 440, 441 [internal quotation marks omitted]). "In determining whether to permit the filing of a claim . . . the court shall consider, among other factors, whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file or serve upon the attorney general a timely claim . . . resulted in substantial prejudice to the state; and whether the claimant has any other available remedy" (Court of Claims Act § 10[6]; see Dominguez v State of New York, 218 AD3d at 440-442). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474; see Dominguez v State of New York, 218 AD3d at 440-442). However, if a claim is legally deficient, leave to file a late claim should be denied even if the other factors tend to favor the granting of the request (see Shah v State of New York, 178 AD3d 871, 872-873; Savino v State of New York, 199 AD2d 254, 255).
Here, the Court of Claims providently exercised its discretion in denying the claimant's motion for leave to file a late claim. The notice of claim failed to describe the location of the alleged accident with sufficient specificity to satisfy the requirements of Court of Claims Act § 11(b) (see Laignelet v State of New York, 205 AD3d 795, 796; Sharief v State of New York, 164 AD3d 851, 852). In addition, the court properly determined that the claimant failed to adequately [*2]set forth sufficient facts demonstrating that her claim was potentially meritorious (see Laignelet v State of New York, 205 AD3d at 796; Morris v Doe, 104 AD3d 921, 921).
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court