Fox v State of New York (2025 NY Slip Op 02190)

Fox v State of New York

2025 NY Slip Op 02190

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2020-05170
2020-05172
2020-05173

[*1]Frederick G. Fox, et al., appellants, 
v
State of New York, respondent. (Claim No. 128469)

Folkenflik & McGerity LLP, New York, NY (Max Folkenflik of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Philip J. Levitz of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for malicious prosecution, the claimants appeal from (1) an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated April 6, 2018, (2) an order of the same court dated April 15, 2019, and (3) an order of the same court dated May 18, 2020. The order dated April 6, 2018, insofar as appealed from, denied the claimants' cross-motion, in effect, for leave to file a late claim on behalf of the claimant Foxies on the Beach, Inc. The order dated May 18, 2020, granted the defendant's motion for summary judgment dismissing the cause of action alleging malicious prosecution and the cause of action alleging negligence insofar as asserted by the claimant Frederick G. Fox.
ORDERED that the appeal from the order dated April 15, 2019, is dismissed as abandoned; and it is further,
ORDERED that the order dated April 6, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated May 18, 2020, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order dated April 15, 2019, must be dismissed as abandoned, as the claimants do not raise any argument in their brief with respect to the appeal from that order (see Neumann v Silverstein, 227 AD3d 914, 915).
In December 2015, the claimant Frederick G. Fox served a notice of intention to file a claim against the State of New York and the New York State Liquor Authority (hereinafter the SLA). In September 2016, Fox and a company owned by him, the claimant Foxies on the Beach, Inc. (hereinafter Foxies), commenced this claim, inter alia, to recover damages for malicious prosecution and negligence. In September 2017, the claimants cross-moved, in effect, for leave to [*2]file a late claim on behalf of Foxies. In an order dated April 6, 2018, the Court of Claims, among other things, denied the claimants' cross-motion. Thereafter, the State moved for summary judgment dismissing the cause of action alleging malicious prosecution, asserted by Fox, and the cause of action alleging negligence insofar as asserted by Fox. In an order dated May 18, 2020, the court granted the State's motion. The claimants appeal from both orders.
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Tucholski v State of New York, 122 AD3d 612, 612; see Dominguez v State of New York, 218 AD3d 440, 441). "In determining whether to permit the filing of a [late] claim . . . , the court shall consider, among other factors, [1] whether the delay in filing the claim was excusable; [2] whether the state had notice of the essential facts constituting the claim; [3] whether the state had an opportunity to investigate the circumstances underlying the claim; [4] whether the claim appears to be meritorious; [5] whether the failure to file or serve upon the attorney general a timely claim . . . resulted in substantial prejudice to the state; and [6] whether the claimant has any other available remedy" (Court of Claims Act § 10[6]). "No one factor is deemed controlling, nor is the presence or absence of any one factor determinative" (Dominguez v State of New York, 218 AD3d at 442 [internal quotation marks omitted]; see Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys. Policemen's & Firemen's Retirement Sys., 55 NY2d 979, 981).
Here, the Court of Claims providently exercised its discretion in denying the claimants' cross-motion, in effect, for leave to file a late claim on behalf of Foxies. The claimants failed to demonstrate a reasonable excuse for Foxies' failure to file a timely claim (see Dominguez v State of New York, 218 AD3d at 442; Cox v New York State Thruway Auth., 186 AD3d 560, 561). Moreover, the claimants failed to demonstrate that the State had timely notice of the essential facts constituting Foxies' claim, as the 2015 notice of intention to file a claim made no reference to Foxies and did not allege that any corporation sustained injuries (see Dominguez v State of New York, 218 AD3d at 442; Matter of Johnson v County of Suffolk, 167 AD3d 742, 745; cf. Lawyers' Fund for Client Protection of the State of N.Y. v JP Morgan Chase Bank, N.A., 80 AD3d 1129, 1130-1131). In addition, Foxies has another remedy available to it (see Fox v Gross, 219 AD3d 584, 586). Contrary to the claimants' contention, Foxies' failure to file a timely claim is a jurisdictional defect rather than a "mistake, omission, defect or irregularity" within the meaning of CPLR 2001 (see Court of Claims Act § 10; cf. Ordentlich v State of New York, 173 AD3d 885, 885-886).
"The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (Broughton v State of New York, 37 NY2d 451, 457; see De Lourdes Torres v Jones, 26 NY3d 742, 760). "[A] claim for malicious prosecution . . . arises upon the favorable termination of a criminal proceeding" (O'Dell v County of Livingston, 174 AD3d 1307, 1308). Court of Claims Act § 11(b) "places five specific substantive conditions upon the State's waiver of sovereign immunity by requiring the claim to specify (1) the nature of the claim; (2) the time when it arose; (3) the place where it arose; (4) the items of damage or injuries claimed to have been sustained; and (5) the total sum claimed" (Lepkowski v State of New York, 1 NY3d 201, 207 [alterations and internal quotation marks omitted]; see Williams v State of New York, 224 AD3d 790, 791). "Because suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed" (Dreger v New York State Thruway Auth., 81 NY2d 721, 724; see Kolnacki v State of New York, 8 NY3d 277, 280). "Lack of prejudice to the State is immaterial and a court is without power to dispense with applicable jurisdictional requirements of law based upon its own concepts of justice" (Matter of DeMairo v State of New York, 172 AD3d 856, 857). "If the claimant fails to specify the dates relevant to the elements of the claim or provides only a broad range of dates, the claim is jurisdictionally defective and properly dismissed" (Matter of Geneva Foundry Litig., 173 AD3d 1812, 1813-1814; see Sacher v State of New York, 211 AD3d 867, 870).
Here, the cause of action alleging malicious prosecution failed to satisfy the "time when . . . [the] claim arose" requirement of Court of Claims Act § 11(b), since neither the notice of [*3]intention to file a claim nor the claim itself specified the date the criminal proceeding terminated in Fox's favor (see Musumeci v State of New York, 220 AD3d 877, 879; Smith v State of New York, 213 AD3d 789, 790-791; Matter of Delamota v City of New York, 124 AD3d 777, 778; Matter of Blanco v City of New York, 78 AD3d 1048, 1048). Accordingly, the Court of Claims properly granted that branch of the State's motion which was for summary judgment dismissing the cause of action alleging malicious prosecution (see Williams v State of New York, 224 AD3d at 792).
A public entity acting in a discretionary governmental capacity will not be held liable for negligence unless it owed a special duty to the claimant (see Talisaysay v State of New York, 220 AD3d 652, 653). "[A] special duty can arise in three situations: (1) the [claimant] belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the [claimant] beyond what was owed to the public generally; or (3) the [government entity] took positive control of a known and dangerous safety condition" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 426). "Violation of a statute resulting in injury gives rise to a tort action only if the intent of the statute is to protect an individual against an invasion of a property or personal interest" (Lauer v City of New York, 95 NY2d 95, 101). The core principle is that the duty breached must be more than that owed to the public generally (see Ferreira v City of Binghamton, 38 NY3d 298, 310).
Here, the State established its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligence insofar as asserted by Fox by submitting evidence demonstrating that the actions or inactions complained of involved the performance of the SLA's governmental function and that the State owed no special duty to Fox (see Alcoholic Beverage Control Law § 2; Lauer v City of New York, 95 NY2d at 102-103; Talisaysay v State of New York, 220 AD3d at 653; cf. Lapidus v State of New York, 57 AD3d 83, 92-93). In opposition, the claimants failed to raise a triable issue of fact. Accordingly, the Court of Claims properly granted that branch of the State's motion which was for summary judgment dismissing the cause of action alleging negligence insofar as asserted by Fox.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court