Matter of Brassil v State of New York (2025 NY Slip Op 02771)

Matter of Brassil v State of New York

2025 NY Slip Op 02771

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2021-08863

[*1]In the Matter of Donna Brassil, appellant,
v
State of New York, respondent.

Abrams Fensterman, LLP, White Plains, NY (Brian McCarthy, Robert A. Spolzino, Lisa Colosi Florio, Mark Goreczny, and Steven T. Still of counsel), for appellant.
Lavin, Cedrone, Graver, Boyd & DiSipio, New York, NY (Timothy J. McHugh and Francis F. Quinn of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Maureen T. Liccione, J.), dated September 20, 2021. The order denied the claimant's motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed, with costs.
On November 7, 2019, the claimant allegedly was injured when she tripped and fell on an uneven road surface in the crosswalk area of Revere Road, in the Town of North Hempstead, to the east of its intersection with Port Washington Boulevard, a New York State highway. In January 2020, the claimant filed a timely notice of claim against the Town, which allegedly owned and maintained Revere Road. In October 2020, the claimant moved for leave to file a late claim pursuant to Court of Claims Act § 10(6), alleging that she recently discovered that in August 2019, the State of New York had repaved part of Port Washington Boulevard near its intersection with Revere Road and that her injuries were the result of the State's negligence. In an order dated September 20, 2021, the Court of Claims denied the motion. The claimant appeals.
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Dominguez v State of New York, 218 AD3d 440, 441 [internal quotation marks omitted]; see Buyes v State of New York, 208 AD3d 745, 746). "In determining whether to permit the filing of a [late] claim . . . the court shall consider, among other factors, [1] whether the delay in filing the claim was excusable; [2] whether the state had notice of the essential facts constituting the claim; [3] whether the state had an opportunity to investigate the circumstances underlying the claim; [4] whether the claim appears to be meritorious; [5] whether the failure to file or serve upon the attorney general a timely claim . . . resulted in substantial prejudice to the state; and [6] whether the claimant has any other available remedy" (Court of Claims Act § 10[6]; see Dominguez v State of New York, 218 AD3d at 441). "'No one factor is deemed controlling, nor is the presence or absence of any one factor determinative'" (Dominguez v State of New York, 218 AD3d at 441, quoting Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474; see Buyes v State of New York, 208 AD3d at 746).
Here, the claimant failed to demonstrate that the State had timely notice of the essential facts constituting the proposed claim and an opportunity to investigate the extent of its [*2]potential liability (see Dominguez v State of New York, 218 AD3d at 442; Matter of Nunez v City of New York, 208 AD3d 485, 486; Winter v State of New York, 187 AD3d 825, 826). Contrary to the claimant's contention, the submission of unauthenticated photographs of the location of the accident did not establish that the State had an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information was still readily available (see Pressley v State of New York, 230 AD3d 1168, 1170; Casey v State of New York, 161 AD3d 720, 721).
The claimant also failed to sustain her initial burden of demonstrating that the late claim would not substantially prejudice the State in maintaining its defense on the merits (see Winter v State of New York, 187 AD3d at 826). Moreover, the claimant failed to demonstrate a potentially meritorious claim (see Hyatt v State of New York, 180 AD3d 764, 766; Shah v State of New York, 178 AD3d 871, 873)
Finally, the record demonstrates that the claimant has another remedy available to her (see Dominguez v State of New York, 218 AD3d at 442; Hyatt v State of New York, 180 AD3d at 766).
Accordingly, the Court of Claims providently exercised its discretion in denying the motion.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court