Kissoon v State of New York (2025 NY Slip Op 07292)

Kissoon v State of New York

2025 NY Slip Op 07292

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2024-02590

[*1]Gaitree Kissoon, etc., et al., appellants, 
v
State of New York, respondent.

Sacco & Fillas, LLP, Astoria, NY (Albert R. Matuza, Jr., of counsel), for appellants.
Letitia James, Attorney General, New York, NY (Philip J. Levitz, Anagha Sundararajan, and Kwame Akosah of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated January 11, 2024. The order denied the claimants' motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
ORDERED that the order is affirmed, with costs.
In November 2020, Herson Gonzalez was operating a vehicle, in which Patricia Ramkissoon, Naresh Ramkissoon, Dhapne Ramkissoon, and K.R. were passengers, when that vehicle collided with another vehicle while both vehicles were traveling westbound on the Southern State Parkway. At the time of the collision, Gonzalez, while traveling in excess of the speed limit, attempted to change lanes and lost control of his vehicle. As a result of the collision, Gonzalez's vehicle left the roadway toward the southern shoulder, went over a guide rail, and struck an overpass in the center median between the westbound and eastbound lanes of travel. Naresh Ramkissoon, Dhapne Ramkissoon, and K.R. allegedly sustained injuries, and Patricia Ramkissoon died as a result of her injuries.
On February 24, 2022, Gaitree Kissoon, as administrator of the estate of Patricia Ramkissoon, K.R., by his mother and natural guardian Gaitree Kissoon, Naresh Ramkissoon, and Dhapne Ramkissoon (hereinafter collectively the claimants) moved for leave to file a late claim pursuant to Court of Claims Act § 10(6), alleging that the State of New York was negligent in failing to, inter alia, maintain, inspect, and repair the guide rail in the area of the accident. In an order dated January 11, 2024, the Court of Claims denied the motion. The claimants appeal.
"Court of Claims Act § 10(6) permits a court, in its discretion, upon consideration of the enumerated factors, to allow a claimant to file a late claim" (Hersh v State of New York, 230 AD3d 1304, 1305 [internal quotation marks omitted]; see Dominguez v State of New York, 218 AD3d 440, 441). "In determining whether to permit the filing of a claim . . . the court shall consider, among other factors, whether the delay in filing the claim was excusable; whether the state had notice of the essential facts constituting the claim; whether the state had an opportunity to investigate the circumstances underlying the claim; whether the claim appears to be meritorious; whether the failure to file or serve upon the attorney general a timely claim . . . resulted in substantial prejudice to the state; and whether the claimant has any other available remedy" (Court of Claims Act § 10[6]; see Hersh v State of New York, 230 AD3d at 1305; Dominguez v State of New York, 218 AD3d at 441-442). "'No one factor is deemed controlling, nor is the presence or absence of any one factor determinative'" (Hersh v State of New York, 230 AD3d at 1305, quoting Qing Liu v City Univ. of N.Y., 262 AD2d 473, 474). "However, if a claim is legally deficient, leave to file a late claim should be denied even if the other factors tend to favor the granting of the request" (id.; see Shah v State of [*2]New York, 178 AD3d 871, 872-873).
Here, the claimants failed to demonstrate a potentially meritorious claim (see Hyatt v State of New York, 180 AD3d 764, 767; Casey v State of New York, 161 AD3d 720, 722). The opinion of the claimants' expert engineer, inter alia, that the alleged defective guide rail was a proximate cause of the accident was speculative and conclusory and not supported by the evidence in the record.
The claimants also failed to demonstrate that the State had notice of the essential facts constituting the claim. "Notice of the essential facts constituting the claim requires 'knowledge of the facts that underlie the legal theory or theories on which liability is predicated,' and not merely notice of the accident itself" (Dominguez v State of New York, 218 AD3d at 442, quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148; see Matter of D'Agostino v City of New York, 146 AD3d 880, 880-881). Although the New York State Police conducted a thorough investigation of the accident and issued a report, the report did not connect the accident with any negligence on the part of the State (see Hyatt v State of New York, 180 AD3d at 767; Matter of D'Agostino v City of New York, 146 AD3d at 881).
In addition, the claimants failed to demonstrate a reasonable excuse for their delay (see Hyatt v State of New York, 180 AD3d at 767; Decker v State of New York, 164 AD3d 650, 652; Casey v State of New York, 161 AD3d at 721).
Accordingly, the Court of Claims properly denied the claimants' motion for leave to file a late claim pursuant to Court of Claims Act § 10(6).
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court